### LEWIS v. VAN HORN et al.

(City Court of New York, General Term. August 4, 1898.)

1. EXPRESS COMPANY—LOSS OF FREIGHT—DISMISSAL.

In an action to recover the value of two packages of goods alleged to have been delivered to the defendants, who conducted an express company, for delivery, and to have been lost by them, the plaintiff testified that three packages were delivered to an expressman in charge of an express wagon bearing the name of the defendants' company; that the wagon was the one which called at plaintiff's place every night for goods to be delivered; that the expressman signed a receipt on a form used by the company; and that one of the packages was delivered to the addressee. *Held,* that a motion to dismiss the complaint, made at the close of the plaintiff's case, was properly denied.

2. REFUSAL TO DISMISS—OBJECTIONS WAIVED.

If, at the trial of a case, a motion to dismiss the complaint is not renewed at the close of the entire case, and no motion is made by defendants for the direction of the verdict, and no exceptions are taken to the charge, nor any requests submitted, the facts constitute an unequivocal assent on the defendants' part that there is a question of fact in the case, which should be passed upon by the jury, and that there is some evidence tending to support the plaintiff's cause of action.

Appeal from special term.

Action by Jacob Lewis against William P. Van Horn and Robert McGrath. Judgment for plaintiff. Defendants appeal. Affirmed.

Argued before CONLAN, SCHUCHMAN, and OLCOTT, JJ.

Cornelius Doremus, for appellants.

Abraham A. Joseph, for respondent.

OLCOTT, J. This action was brought to recover the sum of $272, for the loss by the defendants of two packages of goods, which were delivered to them for delivery in Brooklyn, as plaintiff alleges. The answer is a general denial. The evidence showed that the defendants conducted an express business under the name and style of the New York Despatch & Delivery Company. The plaintiff testified that he delivered to an expressman in charge of an express wagon bearing the name of the New York Despatch & Delivery Company three packages of goods, to be delivered, respectively, to R. Goldsmith, S. Levine, and Bernstein; that the package consigned to Bernstein was delivered; that the package containing clothing valued at the sum of $136, and consigned to Levine, and the package containing clothing valued at $136, and consigned to Goldsmith, were not delivered; that the express wagon was the one which called at plaintiff's place every night for the goods to be delivered; that he always used defendants' company to ship goods to Brooklyn;

that, at the time of the delivery of the goods to the expressman, the expressman signed a receipt on a form used by the New York De-spatch & Delivery Company; that, immediately after discovering the loss of the package consigned to Goldsmith, plaintiff notified the defendants, and left with them the receipt he received at the time he made a delivery of the goods to the expressman; and that, 30 days afterwards, he again notified the defendants' company that he had then discovered the loss of the package consigned to Levine. The defendants testified that only two of their employés, namely, Rush and Bennett (both of whom testified that they had not received the lost goods), had charge of the route in which the plaintiff resided; but it appeared on cross-examination of the witness Bennett that another man was also in the employ of the defendants' company, who had also signed receipts for shipment of goods he received from plaintiff for delivery by the defendants' company. The defendant Van Horn testified that he received all the goods that came in the office, and kept all the records of such goods, and that he had never received nor recorded the goods in question; and other testimony was given with the view of showing that the goods were never delivered to nor received by the defendants.

At the close of the plaintiff's case, a motion to dismiss the complaint was made. It was properly denied, because, taking the evidence in its most favorable aspect for the plaintiff, and conceding him all the inferences of its legal import, it was impossible to say that the jury would not have been justified in finding for the plaintiff. Besides, the motion to dismiss the complaint was not renewed at the close of the entire case. There was no motion made for a direction, nor were there any exceptions taken to the charge of the trial justice, nor were any requests to charge submitted to him by the counsel for the defendants. There was therefore an unequivocal concession on his part that there was a question of fact in the case, which should be passed upon by the jury, and that there was some evidence tending to support the respondent's cause of action. Kraetzer v. Thomas, 23 Misc. Rep. 329, 51 N. Y. Supp. 209.

No other questions being presented for review, the judgment and order appealed from should be affirmed, with costs. All concur.