# Reel v. Adams Express Company, Appellant.

*Common carriers—Express companies—Agent—Identification of agent—Evidence.*

Where by its business methods, and its uniform course of dealing, an express company holds out persons who drive wagons marked with its name, and are uniformed with caps bearing its name, as authorized to receive goods for transportation by its express lines, and delivery is made to such person, both a jury and a referee may draw the inference, in the absence of any evidence to the contrary, that such person was the agent of the express company.

Argued Oct. 18, 1904.    Appeal, No. 139, Oct. T., 1904, by defendant, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1901, No. 3185, dismissing exceptions to report of referee in case of Estelle Reel v. Adams Express Company.    Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Exceptions to report of referee.

Frank P. Prichard, Esq., the referee, reported the facts to be as follows :

Plaintiff being the owner of fur garments of the value of $350, which were in storage with a furrier in Philadelphia, directed the furrier to ship the same by Adams Express Company to the plaintiff, at Washington.    The furrier had been accustomed to shipping goods by Adams Express Company, and had been furnished by the Adams Express Company with a sign to hang on the front of his place of business, to attract the attention of the express company's drivers, and with a book of blank receipts to be filled up and signed by the company's drivers when they called for the goods.    On November 7, 1901, the furrier hung out the sign of the Adams Express Company, about nine o'clock in the morning, and about eleven o'clock the same morning a man came into the furrier's place, bearing in his hand the Adams Express Company's sign which had been hung out.    He was in a uniform apparently similar to that worn by the employees of the Adams Express Company and had a cap with the name " Adams Express Company " upon it; and he drove up in a wagon which in appearance resembled the wagons used by the Adams Express, and bore

upon it the name of Adams Express Company. He was given the package containing the fur garments, addressed to the plaintiff at Washington, and he signed a receipt for the same which had been filled out in the book of receipts furnished by the express company to the furrier. He put the package in the wagon and went off. At the same time that he received this package, he received another package of goods for a person at Atlantic City sent under similar circumstances, and he also signed a separate receipt for this second package. The signatures to the two receipts are not alike and are not very legible. The man did not take the goods to the depot or office of the Adams Express Company, nor were the same entered on the records of the Adams Express Company. In fact, the said goods were not received in any way by the Adams Express Company, unless the receipt of the man who took them is to be considered a receipt by the company. The other package of goods similarly disappeared.

There was no employee in the employ of the Adams Express Company whose signatures resembled the signatures to the two receipts, nor was there any driver of the Adams Express Company whose name corresponded to either signature. The goods were collected in the morning. The usual time for collecting goods was the afternoon, and the usual driver who collected on that route was a man well known to the furrier, and was not the man to whom the goods in question were delivered. Goods had, however, occasionally been called for in the morning, and by other drivers than the one who usually collected on that route, and while it was not the custom of the express company, there were standing instructions to its drivers to collect whenever they saw a sign out, irrespective of whether or not it was in a place on their respective routes.

Unless the man who received and receipted for the package was an employee of the express company defendant, there can, in the opinion of the referee, be no recovery by the plaintiff. The mere adoption by the express company of a system by which its uniformed employees called in response to a sign, would not, in the opinion of the referee, amount to an agreement that the express company would be responsible for the act of anyone who by copying the uniform might deceive the customer.

The real question, therefore, is whether the evidence in this case shows as a matter of fact that the goods were delivered to an employee of the express company.

The plaintiff's evidence was entirely circumstantial, and was confined to the appearance and name on the wagon and the uniform and badge of the driver.

The referee found in favor of plaintiff in the sum of $393.22. Exceptions to the referee's report were dismissed.

*Errors assigned* were in dismissing exceptions to referee's report.

*B. Gordon Bromley*, with him *Thomas De Witt Cuyler*, for appellant.—The court below erred in not sustaining the defendant's objection to the form of the referee's report, it being defective in not setting forth separately and distinctly the facts found, and the conclusions of law upon the same, in conformity with the acts governing this reference and the decisions thereunder: Sweigard v. Wilson, 106 Pa. 207; Lewars v. Weaver, 121 Pa. 268; McCormick v. Ins. Co., 163 Pa. 184; Standard Sewing Machine Co. v. Ins. Co., 201 Pa. 645; Clark v. Halberstadt, 1 Miles, 26; Kinsley v. Coyle, 58 Pa. 461.

Apart from the informalities in the referee's report, there exists in this case no evidence from which the referee was justified in finding as a fact that the defendant received the plaintiff's goods: Hart v. New Orleans, etc., R. R. Co., 36 Am. Dec. 689.

*Charles S. Wesley*, with him *Ernest L. Tustin*, for appellee. —The referee's conclusions from the evidence were proper: Hart v. R. R. Co., 36 Am. Dec. 689; Edgeworth v. Wood, 58 N. J. Law, 463 (33 Atl. Repr. 940); Joyce v. Capel, 8 C. & P. 370; Birnbaum v. Lord, 7 Misc. Rep. N. Y. 493 (28 N. Y. Supp. 17); Elze v. Baumann, 2 Misc. Rep. 72 (21 N. Y. Supp. 782); Perlstein v. American Express Co., 177 Mass. 530 (59 N. E. Repr. 194); Toumey v. O'Reilly, 142 N. Y. 678 (37 N. E. Repr. 825); Penna. R. R. Co. v. Spicker, 105 Pa. 142; Penna. R. R. Co. v. Sellers, 127 Pa. 406; Howard v. Ludwig, 57 App. Div. 94 (67 N. Y. Supp. 1095); Baldwin v. Abraham, 67 N. Y. Supp. 1079; Schulte v. Holliday, 54 Mich. 73 (19 N. W. Repr. 752).

OPINION BY SMITH, J., January 17, 1905:

The objections to the form of the referee's report are without merit. The only matter in controversy was whether the plaintiff's goods were received by the defendant company, through an authorized agent. The referee finds, as a fact, that they were so received; and the evidential facts on which this finding is based are concisely set forth. The defendant's liability is the only conclusion of law arising from this finding, and this is clearly stated by the referee.

The defendant company, in the collection and delivery of express matter, maintained a number of teams, driven by its servants. The wagons were marked with its name, and the drivers wore blue uniforms and caps, the latter also bearing the company's name. For mutual convenience, the defendant furnished shippers with signs, to be displayed where they could be seen from the street, and its drivers, on observing these, called for the goods to be shipped, signing a receipt in a book provided by the company. The defendant employed no other method of showing the authority of its drivers than these uniforms and names.

In Hershinger v. Penna. R. R. Co., 25 Pa. Superior Ct. 147, it was held by this court that the defendant's name on a cab was evidence from which a jury might infer that the cab was owned by the defendant and driven by its servant. Here the evidence to sustain such an inference is much stronger than in that case, since the system of collection and delivery already described was shown; while in the case cited, though the declaration averred that the defendant maintained and operated a line of cabs, nothing of the kind appeared from the evidence, and the only circumstance bearing on ownership was the defendant's name on a single cab. As in this case a jury might have inferred the defendant's ownership of the wagon and employment of the driver from its name on wagon and cap, it was open to the referee to draw the same inference, with the same effect.

We have carefully examined the evidence, and regard it as sufficient to justify the referee's finding. By its business methods, and its uniform course of dealing, the defendant held out the persons who drove wagons marked with its name, and were uniformed, with caps bearing its name, as authorized to

receive goods for transportation by its express lines.  The possibility of a fraudulent use of its name was as apparent to the defendant as to the shipper.  By not employing some more certain indicia or evidence of the authority of its drivers, to be brought to the notice of shippers, the defendant led the public to believe that goods might properly be delivered for transportation over its lines to persons whose employment was to be inferred from their uniforms, and its name on wagons and caps.  Since a jury may draw this inference, it may well be drawn by a shipper.

Judgment affirmed.