# Scattergood *v.* Michigan Central Railroad Co., Appellant. 

*Carriers—Common carriers — Railroads — Interstate commerce —Bill of lading—Notice of loss—Waiver.*

A railroad company cannot waive a stipulation in an interstate bill of lading requiring that "claims for loss or damages must be made in writing to the agent at point of delivery promptly after arrival of the property, and if delayed for more than thirty days thereafter, no carrier hereunder shall be liable in any event." The construction of such a bill of lading involves a Federal question, and under the Federal decisions the carrier can no more release the shipper from the stipulation as to notice than it could excuse him from the payment of the established freight rate.

Argued Oct. 11, 1917. Appeal, No. 164, Oct. T., 1917, by defendant, from judgment of C. P. No. 1, Philadelphia Co., June T., 1913, No. 4662, on verdict for plaintiff in case of Samuel F. Scattergood et al., trading as S. F. Scattergood & Company, v. Michigan Central Railroad Company. Before ORLADY, P. J., HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Assumpsit to recover damages for injuries to corn shipped from Chicago, Illinois, to Philadelphia, Pa. Before SHOEMAKER, J.

The opinion of the Superior Court states the case.

*Error assigned* was in dismissing defendant's motion for judgment non obstante veredicto.

*Benjamin O. Frick,* of *Prichard, Saul, Bayard & Evans,* for appellant.

*Clarence N. Callender,* with him *Pierson & Shertz,* for appellee.

OPINION BY HEAD, J., April 22, 1918:

The plaintiffs were the owners of a carload of corn which was shipped from the State of Illinois to the City of Philadelphia. At least four separate and distinct carrier railroads handled this shipment. When the corn reached its destination point it was found to have become hot and therefore depreciated in value. The plaintiffs, alleging that this depreciation in value resulted from the negligence of one or more of the carriers, brought this action originally against the four railroads referred to. During the trial the record was so amended as to leave the action pending against the present appellant only, it having been the initial carrier. Upon the receipt of the corn, it had issued, pursuant to the Federal law, the uniform bill of lading required by that law. That bill of lading contained, inter alia, the following provision: "Claims for loss or damages must be made in writing to the agent at point of delivery promptly after arrival of the property, and if delayed for more than thirty days thereafter, no carrier hereunder shall be liable in any event."

Defense to the action was made along several lines. One branch of it rested on the fact that no notice in writing of the alleged damage to the property or that claim would be made to recover any alleged depreciation in its value was given to any one of the carriers as required by the provision we have quoted. The record discloses no evidence that any notice, that would satisfy the obligation just quoted, was given.

In the case of Concordia Silk Hosiery Company v. The Pennsylvania Railroad Company, in which we have this day handed down an opinion, we endeavored to point out that the proper construction of such bill of lading involved a Federal question and that its terms and obligations were mutual and reciprocal. From this it would follow that the carrier company could no more release the shipper from the obligation to perform the duty cast upon him than it could excuse him from the payment of

the established freight rate. The schedule, which the carrier company was obliged by law to file and publish, exhibited not merely the money freight rate but also the reasonable conditions which the carrier would require to be performed by every shipper alike. The conditions thus exhibited were to be uniformly enforced just as the rates would be.

For the reasons more fully set forth in the opinion to which we have referred we conclude the learned trial judge should have given a binding direction to the jury to find for the defendant, or, failing in that, should thereafter have entered a judgment for the defendant non obstante veredicto.

The judgment is reversed and the record is remitted to the court below with direction to enter judgment for the defendant n. o. v.