# CASES

IN

# THE SUPERIOR COURT

OF

# PENNSYLVANIA

## Robb *v.* American Railway Express Company, Appellant.

*Carriers—Delivery of goods to carrier—Evidence—Sufficiency.*

In an action to recover damages from a common carrier for loss of certain property delivered to it for transportation, where the testimony is that the defendant company was accustomed to receive shipments through employees, whose only indicia of employment and authority were a distinctive cap and badge, evidence that a particular shipment was delivered to a man wearing such a cap and badge was sufficient to take the case to the jury on the question as to whether or not the goods in question had been delivered to the carrier.

*Carriers — Shipment of goods — Failure to deliver — Right of action—Consignor—Consignee—Sales Act of 1915, P. L. 543—Interstate shipments—Bill of lading—Act of Congress of February 24, 1887, and its amendments.*

The seller who makes a contract for shipment of goods has a beneficial interest in them after they are shipped and may maintain an action against the carrier for loss or failure to deliver. This is true irrespective of the ownership of the goods as between the seller and buyer provided the carrier is relieved of double liability. The provisions of the Sales Act of 1915, P. L. 543, relating to the rights and liabilities of buyer and seller were not inserted for the benefit of the carrier of goods.

As to shipments from Philadelphia to points in New Jersey the federal laws regulating interstate commerce are applicable and suit

may be instituted against a carrier for loss, damage or injury caused by it by the lawful holder of the bill of lading.

Argued October 10, 1921.   Appeal, No. 83, Oct. T., 1921, by defendant, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1919, No. 4054, on verdict for plaintiff in the case of George W. Robb v. American Railway Express Company.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ.   Affirmed.

Trespass to recover damages for value of shipment not delivered by carrier.   Before McMICHAEL, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $194.08.   Subsequently by direction of the court, the plaintiff filed a remittitur for all over $106.58 and judgment was entered thereon.   Defendant appealed.

*Error assigned* was refusal to enter judgment for defendant non obstante veredicto.

*William A. Schnader,* and with him *Thomas DeWitt Cuyler,* for appellant.—There was not sufficient evidence to enable a jury to find that "Vincent" was defendant's agent: Reel v. Adams Express Co., 27 Pa. Superior Ct. 77; Buck v. Quaker City Cab Co., 75 Pa. Superior Ct. 440; Abram v. Platt, 52 N. Y. Supplement 152.

If "Vincent" was the agent of the defendant the plaintiff has no right of action for he was not the owner of the goods: Dooley v. N. Y. C. & H. R. R., 62 Pa. Superior Ct. 237; P. & R. Ry. Co. v. Parry, 66 Pa. Superior Ct. 49; Pittsburgh Provision & Packing Co. v. Cudahy Packing Co., 260 Pa. 135.

*Edmund W. Kirby,* of *Morris & Kirby,* for appellee.— There was sufficient evidence as to agency for the consideration of the jury: Hershinger v. Penna. R. R. Co.,

25 Pa. Superior Ct. 147; Reel v. Adams Express Co., 27 Pa. Superior Ct. 77; Corpies v. Sand Co., 31 Pa. Superior Ct. 107; Holzheimer v. Lit Bros., 262 Pa. 150.

The transaction was one of interstate commerce: Dooley v. Ry. Co., 62 Pa. Superior Ct. 237; Berman v. Adams Express Co., 73 Pa. Superior Ct. 314.

OPINION BY KELLER, J., November 21, 1921:

The only assignment of error filed is to the refusal of the court below to enter judgment for the defendant non obstante veredicto, but the appellant urges a reversal of the judgment on two grounds: (1) That there was no evidence of delivery of the goods to the carrier; (2) That the plaintiff, the consignor, could not maintain the action. We will discuss them in that order.

(1) The evidence in support of a delivery to the carrier was that a man wearing the cap and badge of the defendant company called at plaintiff's place of business, receipted for the shipments in question in the plaintiff's express receipt book furnished him for the purpose by defendant company, and took them away; that such cap and badge were the only uniform or indicia of employment worn by defendant's employees and were of the same kind as worn by one Henry, admittedly the driver and regular employee of the defendant company, who usually collected plaintiff's express shipments; that other men and some girls and women, wearing such caps and badges had been employed to assist Henry as helpers in the collection of express shipments and had receipted for and taken away such shipments from the plaintiff on behalf of defendant and the same had been shipped and delivered by it. The defendant produced no evidence that the packages thus receipted for and taken away and forming the basis of this action, or the goods contained in them, had not been received by it or entered on its records, but contented itself with calling one of its time clerks who testified that his records showed that on the date of the shipment by the plaintiff no one of the name

of Vincent, (which was the name signed by the express collector to the receipt of plaintiff's goods) had been employed by the defendant company, but he did not state whether his examination had reference to Vincent as a surname or Christian name. It must be admitted that the plaintiff's proof was not strong or conclusive, but we are not prepared to hold that it furnished no evidence from which the jury might find a delivery of the goods to the defendant. The trial judge left the question of fact to the jury, charging them that the express company would not be liable unless it got the goods, and their finding in favor of the plaintiff shows that they deemed it sufficient to establish a delivery. The facts in the case are very similar to those in Reel v. Adams Express Co., 27 Pa. Superior Ct. 77, in fact identical, except that in that case the collector was also shown to have driven a wagon bearing the express company's name, and there was affirmative proof that the goods were not taken to the express company's depot nor entered on its records. This court after referring to the fact that the "defendant employed no other method of showing the authority of its drivers than these uniforms and names," said: "As in this case a jury might have inferred the defendant's ownership of the wagon and employment of the driver from its name on wagon and cap, it was open to the referee to draw the same inference, with the same effect. We have carefully examined the evidence and regard it as sufficient to justify the referee's finding. By its business methods, and its uniform course of dealing, the defendant held out the persons who drove wagons marked with its name and were uniformed with caps bearing its name, as authorized to receive goods for transportation by its express lines. The possibility of a fraudulent use of its name was as apparent to the defendant as to the shipper. By not employing some more certain indicia or evidence of the authority of its drivers, to be brought to the notice of shippers, the defendant led the public to believe that goods might properly be de-

livered for transportation over its lines to persons whose employment was to be inferred from their uniforms and its name on wagons and caps. Since a jury may draw this inference, it may well be drawn by a shipper." The same language applies here.

The case of Abrams v. Platt, 52 N. Y. Supp. 153, chiefly relied upon by the appellant, is in conflict with our decision in Reel v. Adams Express Co., supra, and its force is somewhat weakened by the later case of Lewis v. Van Horn, 53 N. Y. Supp. 546. We prefer to adhere to our former ruling. The case of Buck v. Quaker City Cab Co., 75 Pa. Superior Ct. 440, also cited by appellant is not opposed to our present decision. In that case, which was an action for damages for personal injuries, there was no evidence that defendant's chauffeurs wore a uniform, nor any description of such uniform, showing that it was the same as that worn by the negligent driver, and there was no evidence that the person driving the automobile at the time of the injury was engaged on the defendant's business; the only evidence in the case was to the contrary.

2. Plaintiff's place of business was in Philadelphia. The shipments in question were directed to Egg Harbor, N. J., and Atlantic City, N. J., respectively. Orders had been taken by plaintiff's salesmen, which provided that the goods were to be sent to the customers at their respective places of business; the Egg Harbor shipment to be made by express, the other not specified. The plaintiff testified that delivery was to be made at Egg Harbor and Atlantic City, respectively, but he admitted he was not present when the orders were taken. Both consignees were in court as witnesses for the plaintiff. The plaintiff was in possession of the express receipts or bills of lading and offered them in evidence as the lawful holder. The appellant contends that under section 19, rule 4 of the Sales Act of 1915 (May 19, 1915, P. L. 543) the property in the goods passed to the buyers on delivery to the carrier and that they alone could sue for their value;

while appellee relies on Rule 5 of the same section, and claims that as the plaintiff was to deliver the goods to the respective buyers at their places of business the property did not pass to the buyers until delivery to them.

These rules are enunciated in the Sales Act for the purpose of ascertaining the intention of the parties unless otherwise expressed and were enacted to fix and determine the respective rights and liabilities of buyer and seller as between themselves and persons in privity with or claiming under them. They were not inserted for the benefit of the common carrier, in order that it might evade its contract for the safe transportation of goods by asserting that the shipper with whom it made the contract of shipment was not the owner of the goods covered thereby. The seller who ships the goods, whether, as between himself and the consignee, their legal title or ownership may have passed to the consignee on delivery to the carrier, still has a beneficial interest in them, and having such beneficial interest, he may sue for damages for breach of his contract: Steamboat Co. v. Atkins, 22 Pa. 522; Lloyd v. Haugh, 223 Pa. 148, p. 155; especially so, where as here, the consignees appear in support of plaintiff's action and the defendant is not subject to claims from two sources. "The better doctrine is that, where the consignor makes the contract of shipment with the carrier, he may maintain an action thereon for loss of, or injury to, the consignment irrespective of the question of ownership, in such case it being considered that the privity of contract between the consignor and the carrier is a sufficient foundation on which to base the action": 10 C. J. 348-9. See also Berman v. Adams Express Co., 73 Pa. Superior Ct. 314. The rule is especially fitting where, as in the present case, the carrier defends on the ground that the goods were not delivered to it. Its position is somewhat anomalous in that it asserts in one breath that the plaintiff cannot recover because the goods were never delivered to it, and

in the next, that the plaintiff cannot recover because the goods were delivered to it and ownership of them thereby passed to the consignee.

Furthermore, the shipments in suit were to points outside the State. They were therefore interstate in character and are governed by the federal laws regulating interstate commerce. The Act of Congress of February 24, 1887, c. 104, section 20, 24 Stat. 386, as amended by Acts of June 29, 1906, c. 3591, section 7, 34 Stat. 595; March 4, 1915, c. 176, section 1, 38 Stat. 1196; and Aug. 9, 1916, c. 301, 39 Stat. 441, Barnes Federal Code, section 7976, U. S. Comp. Stat. 8604a, provides that the carrier shall be liable to the lawful holder of the receipt or bill of lading—in this case, this plaintiff,—for the loss, damage or injury caused by it, etc., to the property received for transportation, and suit may be instituted against the carrier by such holder: Adams Express Co. v. Croninger, 226 U. S. 491.

The assignment of error is overruled and the judgment is affirmed.