# Dintenfass v. American Railway Express Co., Appellant.

*Carriers — Express companies — Delivery of goods to carrier — Evidence—Sufficiency—Driver as agent—Authority — Burden of proof.*

In an action to recover the value of goods alleged to have been delivered to an express company for transportation, evidence that requests had been made, and the usual card hung out, to have defendant's employees call for shipments, and that defendant's truck came and a driver and helper, having the usual cap worn by the defendant's drivers, received the goods, some of which were later found in the defendant's possession, was sufficient to warrant the inference that the goods were received by the company, and to support a finding for the plaintiff. The same would be true in the case of testimony that packages were delivered to a driver who represented himself as being connected with the carrier, and who drove one of its wagons, and wore a badge.

The plaintiff, having established delivery to a vehicle of the defendant in charge of a person prima facie in its employment, it remained for the defendant to show that the inference of ownership and agency relied upon by the plaintiff was wrong.

There was sufficient evidence to sustain the finding of the lower court in favor of the plaintiffs, and its judgment will be affirmed.

Argued October 12, 1921. Appeal, No. 128, Oct. T., 1921, by defendant, from judgment of Municipal Court of Philadelphia, June T., 1920, No. 487, on finding for the plaintiff, in case tried by the court without a jury in suit of Samuel Dintenfass, trading as Tire Brokerage Company, v. American Railway Express Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit to recover value of goods delivered for transportation.   Before BONNIWELL, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found for the plaintiff in the sum of $398.82, and subsequently entered judgment thereon.   Defendant appealed.

*Error assigned* was overruling defendant's motion for judgment non obstante veredicto.

*Wm. A. Schnader,* and with him *Rupert C. Schaeffer, Jr.,* and *Thomas DeWitt Cuyler,* for appellant.—There was not sufficient evidence to establish the agency of the persons who received the shipments: Berkowitz v. Palruba Mfg. Co., 68 Pa. Superior Ct. 559; Buck v. Quaker City Cab Co., 75 Pa. Superior Ct. 440.

*C. Wilfred Conrad,* of *Conrad & Middleton,* for appellee.—The evidence was sufficient to sustain the finding under the case of Reel v. Adams Express Co., 27 Pa. Superior Ct. 77, which governs this case.

OPINION BY TREXLER, J., March 3, 1922:

The plaintiff sued to recover the value of two shipments of automobile tires delivered to the defendant for transportation.   The case was tried before the court without a jury.   The only question raised is whether there is sufficient evidence to sustain the court's finding.

As to the first shipment, it appears there were several requests made of the defendant to send its truck to plaintiff's place of business.   The usual card was hung out to attract defendant's employees.   A truck of the defendant came and a driver and helper, having the usual cap worn by the express company truck drivers, received the goods.   Later, at the request of defendant, plaintiff's employee called at its place of business and

found some of the packages which he had shipped, still in defendant's possession.

As to the second shipment, the same witness testified that he delivered three packages to a driver who represented himself as being connected with the American Railway Express Company. He rode in one of the wagons bearing the name of the defendant and wore a badge.

We think this evidence sufficient to warrant the inference that the goods were received by the company.

Having shown that the vehicle belonged to the defendant and that prima facie the person calling for the articles in question was in the employ of the company, it remained for the defendant to convince the jury, in this case the trial judge, that the inference of ownership and agency relied upon by the plaintiff was wrong. See Reel v. Adams Express Company, 27 Pa. Superior Ct. 77; Hershinger v. Pennsylvania R. R. Co., 25 Pa. Superior Ct. 147; Hennessey v. Baugh & Sons Company, 29 Pa. Superior Ct. 310; Sarver v. Mitchell, 35 Pa. Superior Ct. 69-72; Corpies v. Sand Company, 31 Pa. Superior Ct. 107.

The judgment is affirmed.