## De Angelis v. American Railway Express Company.

*Carriers—Express companies—Lost shipment—Reasonable time for delivery—Question for court—Claim for loss—Waiver of notice of claim.*

1. A stipulation by an express carrier in its contract with a shipper that any claim for loss must be made within four months after a reasonable time for delivery is a valid and reasonable condition.

2. Such a condition having been established by an interstate carrier cannot be waived either by express agreement of the carrier or by implication from the conduct of its employees.

3. What is a reasonable time for the performance of any kind of act is often a question for the court.

4. Where a box and a bundle are shipped at the same time from a point in Pennsylvania to a point in New Jersey, and the box is delivered within five days, it is manifest that not more than a week would be a reasonable time for delivery of the bundle. The shipper who waited for more than five months after making such a shipment before making a claim for the loss of the bundle has allowed more than four months to pass after a reasonable time for delivery. It is for the court, in such case, to enter judgment for the defendant.

Case stated. C. P. Montgomery Co., Feb. T., 1921, No. 56.

*G. R. Fox,* for plaintiff; *Larzelere, Wright & Larzelere,* for defendant.

MILLER, J., June 24, 1922.—This case appeared on the last civil trial list, when, upon its being reached, it was disclosed that none of its material facts was in dispute. It was, therefore, arranged that it should be submitted to the court for decision by an agreement in the nature of a case stated. Such has been done and we have heard argument.

The plaintiff, on Jan. 20, 1920, delivered to the defendant, a common carrier, at Norristown, Pa., a box and a bundle, consigned to Maria De Angelis,

De Angelis v. American Railway Express Company.

Hoffman Island, Rose Bank, N. J., and prepaid the charges. The box reached the consignee sometime between the 23rd and 25th of the same month, but the bundle, which contained clothing of the value of more than $50,' was never delivered to her.

The defendant issued to the plaintiff a written receipt for the packages when they came into its possession, one of the conditions of which read, in part, as follows: "Except where the loss, damage or injury complained of is due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, as conditions precedent to recovery, claims must be made in writing to the originating or delivering carrier within four months after delivery of the property, or, in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed. . . ."

Within a few days after the date of shipment, the plaintiff called on the agent of defendant at Norristown and "advised" him that the bundle had not been delivered at destination. He was directed to call later and informed that, in the meantime, the package would be traced. He called several times thereafter and "was each time advised to call again and they might have some information as to what had become of the bundle." Eventually, and on June 26, 1920, as the missing bundle had not been located, the plaintiff notified the defendant in writing, at Norristown, of its failure to make delivery and made claim for the same. This constituted his first and only claim for the loss. Suit for recovery was subsequently brought.

It appears by the foregoing statement that claim in writing in this case was not made until five months and six days after shipment. The contract required such claim to have been made within four months after a reasonable time for delivery had elapsed. If it was made in time, then one month and six days must be found to have been a reasonable time for delivery. The only question for determination is, therefore, what, under the facts before us, was a reasonable time for such delivery?

This was, of course, an interstate shipment: the question stated is governed by Federal law (Robb v. American Railway Express Co., 78 Pa. Superior Ct. 1, 7), and the stipulation in the contract requiring notice of claim was valid and reasonable. See U. S. Comp. Stat., 9307, and cases cited.

Whether one month and six days is "a reasonable time for delivery" in transportation by express-carrying trains between Norristown, Pa., and Rose Bank, N. J., is a question about which there cannot be the slightest doubt. The box was delivered within five days. That not more than a week would have been sufficient is so clearly manifest as to leave no room for two different and intelligent opinions. "In all such cases the function of the jury may be dispensed with and the question disposed of by the court as one of law. . . . Reasonableness of time for performance of an act of any kind is governed by the general rule as to the functions of court and jury. The question is often one for the court: . . ." Kahn v. American Railway Express Co. (W. Va.), 106 S. E. Repr. 126; Elk Textile Co. v. Cohen, 75 Pa. Superior Ct. 478. Moreover, the plaintiff knew, "within a few days" after Jan. 20th, that the bundle had not arrived. Notwithstanding, he delayed for practically five months thereafter to present his claim, and, by the terms of his contract, it was then too late.

The facts relied upon as constituting waiver by the defendant are manifestly insufficient. When complaint of the loss was first made, its agent advised the plaintiff to call again and promised to have the package traced in the meantime. When he returned, he was invited to come back, when it was probable there would be some information of the bundle. There was no prom-

De Angelis *v.* American Railway Express Company.

ise at any time to adjust or pay the claim, and, in fact, no claim was made until June 26th.

As in Kahn *v.* American Railway Express Co. (W. Va.), 106 S. E. Repr. 126, there is no fact in the case that can be deemed to have wrought a waiver.

But even did the facts constitute a waiver, it would have been inoperative. Under the Federal decisions, the carrier can no more release the shipper from such a stipulation as to notice than it can excuse him from payment of the established rate: Concordia Silk Hosiery Co. *v.* Pennsylvania R. R. Co., 69 Pa. Superior Ct. 361; Scattergood *v.* Michigan Central R. R. Co., 69 Pa. Superior Ct. 367. Its effect would be discrimination as between shippers, the avoidance of which is part of the object of the Federal legislation under which these bills of lading are formulated.

Therefore, the denial of the possibility of a waiver extends as well to a direct and express one as to an inferential one from conduct: Williston Grocery Co., to use, *v.* Pennsylvania R. R. Co., 12 Berks Co. L. J. 23.

As the stipulated requirement as to notice of claim was not, and could not have been, waived by the defendant, and such claim was not made in writing within four months after a reasonable time for delivery of the bundle had elapsed, the plaintiff is not entitled to recover.

And now, June 24, 1922, judgment is entered for American Railway Express Company, defendant.

From Montgomery Evans, Norristown, Pa.