# Worthington et al. *v.* Adams Express Co., Appellant.

*Railways—Common carriers — Express companies — Interstate commerce—Interstate shipments—Absence of bill of lading.*

An express company cannot defend against a claim for damages, resulting from the loss of a dog consigned to its care, on the ground that claim for said loss had not been filed within four months, or suit instituted within two years after delivery, as required in its bill of lading on file with the Interstate Commerce Commission, where at the time of delivery, no bill of lading was given to the plaintiffs' agent, and no valuation was put upon the dog, or demanded by the representative of the defendant.

*Express companies—Negligence—Liability—Limitation of liability—Act of Congress, March 4, 1915, U. S. Stat. 1913-1915, page 1196 (Cummins Amendment).*

The Act of Congress of March 4, 1915, U. S. Stat. 1913-15, 1196, —Cummins Amendment—amending the Interstate Commerce Commission Act providing that "Any such common carrier shall be liable to the lawful holder of such receipt or bill of lading or to any party entitled to recover thereon, whether such receipt or bill of lading has been issued or not, for the full actual loss to such property caused by it or by any such common carrier to which such property may be delivered......notwithstanding any limitation of liability or limitation of the amount of recovery or representation or agreement as to value in any such receipt or bill of lading, or in any tariff filed with the Interstate Commerce Commission, and any such limitation, without respect to the manner or form in which it is sought to be made is hereby declared to be unlawful and void," fixes the liability of an express company in interstate shipments, for loss through negligence of goods committed to its care.

Where an express company has received a consignment for transportation in its charge and no bill of lading was issued or demanded, and the consignment is lost through its negligence, the shipper can recover the full value of his property.

*Common carriers—Negligence—Loss of property—Damages—Evidence—Sufficiency.*

Where a shipper is entitled to recover damages for the loss of his property, consigned to the care of an express company, and the measure of damages, because of the character of the property, can not be definitely or accurately determined, it is proper to introduce evidence of experts to establish the value of the consignment.

Argued Oct. 17, 1918.  Appeal, No. 148, Oct. T., 1918, by defendant, from judgment of Municipal Court of Philadelphia, July T., 1917, No. 346, in favor of plaintiffs in case tried by the court without a jury in suit of Ellicott H. Worthington and Howe Totten v. Adams Express Company.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Affirmed.

Assumpsit for total loss of interstate shipment of a dog.  Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $400.  Defendant appealed.

*Errors assigned,* among others, were various findings of fact and refusal of defendant's motion for judgment n. o. v.

*William A. Schnader,* and with him *Thomas DeWitt Cuyler,* for appellant.

The plaintiff did not file claim in writing as required by the express receipt issued to the shipper and by the uniform livestock contract on file with the Interstate Commerce Commission and, therefore, cannot recover: Concordia Silk Hosiery Company v. Pennsylvania Railroad Company, 69 Pa. Superior Ct. 361; Scattergood v. Michigan Central R. R. Co., 69 Pa. Superior Ct. 367.

The plaintiffs were bound by the uniform livestock contract on file with the Interstate Commerce Commission, even though no such contract was signed at the time of the delivery of the shipment: Atchison, Topeka & Santa Fe R. R. Co. v. Robinson, 233 U. S. 178.

*John Cadwalader, Jr.,* for appellee, cited: Act of Congress, March 4, 1915, U. S. Stat. 1913-1915, 1196; Amer. Express Co. v. U. S. Horse Shoe Co., 244 U. S. 58; Cincin., N. O. & Tex. Pac. R. Co. v. Rankin, 241 U. S.

319; U. S. Horse Shoe Co. v. Amer. Express Co., 250
Pa. 527; Chicago & E. R. Co. v. Collins Produce Co.,
235 Fed. 857.

OPINION BY HEAD, J., July 17, 1919:

On the 24th of July, 1916, the defendant company received from the plaintiffs a valuable dog to be transported from Rosemont, Pa., to Annapolis, Maryland. The animal was confined in a well-constructed crate of the kind commonly in use for the transportation of such animals and both dog and crate were in good condition when delivered to the carrier company. At the time of delivery no bill of lading or other form of receipt was given to the plaintiffs' agent and no valuation was put on the dog by him or demanded by the representative of the defendant.

The next fact that appears from the evidence is that one of the plaintiffs received notice from the agent of the express company in Baltimore that a crate had arrived there in a broken condition but that the dog was missing. It appears that considerable efforts were made, both by the express company and the owners, to find the missing animal but they were unavailing. There is evidence that notice in writing of the loss of the property and that claim would be made for it was given by the owners to the company's representative at Baltimore and to its general agent at Philadelphia. In the view we take of this case we do not deem it important to go into details as to the time when such written notice was given in so far as that may be discovered from the evidence.

Suit was brought in the Municipal Court of Philadelphia to recover the damages resulting from the loss of the dog, the case was tried before a judge without a jury, and the trial resulted in a verdict for the plaintiffs upon which judgment was entered and this appeal followed.

The appellant company earnestly urges that, notwithstanding the facts no bill of lading was issued and no special livestock contract was entered into by the ship-

per or signed by him, his case must be disposed of as if such contract had been signed. It is argued that the law then existing controlled the mutual rights and obligations of both shipper and carrier and therefore was written into their undertaking just as if such contract had been reduced to writing and signed by the shipper. It is especially urged that such contract, had it been executed, would have necessarily been of the form on file with the Interstate Commerce Commission as part of the tariff schedules of the defendant company required to be there filed by the terms of the federal statute, and that such form of contract would have contained a provision that "claims for loss, damage, or delay, must be filed with the carrier at the point of delivery or at the point of origin within four months and suits must be instituted within two years after delivery, or, in case of failure to deliver after a reasonable time for delivery has elapsed. Unless claims are so filed and suits so brought, the carrier shall not be liable."

Many decisions, both of the federal courts and of the courts of this State, our own among them, are cited to establish the proposition that the shipper must comply with such provisions in respect to notice to the company and that they cannot be waived by the agents or officers of the latter. We are asked to say that the case at bar is ruled by our own cases of Concordia Silk Hosiery Co. v. Pennsylvania R. R. Co., 69 Pa. Superior Ct. 361, and Scattergood v. Michigan Central R. R. Co., Ibid 367. These cases in turn followed the doctrine that had been announced by the Supreme Court of the United States in many decisions to which we there referred. Since the argument of the present appeal an opinion was handed down on January 13, 1919, in Southern Pacific Co., Plaintiff in Error, v. Frank R. Stewart, the appeal coming from the United States Circuit Court of Appeals for the Ninth Circuit. In that case a state of facts was presented which went further we think in developing a situation that might call for some deviation from the earlier

decisions than any case that has been brought to our knowledge. But the Supreme Court, reversing the judgments of the trial court and of the circuit court of appeals, unswervingly held to the doctrine of the earlier decisions and set aside a judgment in favor of the shipper. If then the judgment from which this appeal comes is to be sustained, it must be because we have in this record something that radically distinguishes the case at bar from those heretofore adjudicated.

Now we have seen that at the time the plaintiffs' animal was delivered to the express company, no bill of lading or other form of receipt was given to the owner. The evidence further discloses that the crate was so constructed that the enclosed dog was quite visible to the eyes of the carrier's agents. The evidence presented by the crate itself clearly indicated that it had been subjected to external violence to such an extent as to permit the dog to escape by his own efforts or to be removed therefrom by a thief. In a word, the plaintiffs in this case accepted and discharged the burden of proving that the loss of the plaintiffs' property resulted from the negligence of the defendant's servants or of unknown persons who were improperly allowed access to it.

The federal statute then in force, defining the rights and duties of the shipper and carrier, was the Act of 4th of March, 1915, ordinarily referred to as the "Cummins Amendment." For convenience we quote the portions of section one of that statute which, in our judgment, must control the determination of the question before us. "Any common carrier......receiving property for transportation from a point in one state, etc., to a point in another state, shall issue a receipt or bill of lading therefor, and shall be liable to the lawful holder thereof for any loss, damage or injury to such property caused by it or by any common carrier, etc., and no contract, receipt, rule, regulation, or other limitation of any character whatsoever, shall exempt such common carrier from the liability hereby imposed; and any such common carrier

shall be liable to the lawful holder of such receipt
or bill of lading or to any party entitled to recover
thereon, whether such receipt or bill of lading has been
issued or not, for the full actual loss to such property
caused by it or by any such common carrier to which
such property may be delivered......, notwithstanding
any limitation of liability or limitation of the amount
of recovery or representation or agreement as to value
in any such receipt or bill of lading, or in any tariff filed
with the Interstate Commerce Commission; and any
such limitation, without respect to the manner or form in
which it is sought to be made is hereby declared to be
unlawful and void." Then follows a special provision
with relation to goods hidden from view by wrapping,
boxing, or other means, and the carrier is not notified
as to the character of the goods. The time within which
notice shall be given and claim be made is then fixed, but
the section of the statute closes with what we regard, so
far as the present appeal is concerned as the all-impor-
tant proviso, "Provided, however, That if the loss, damage
or injury complained of was due to delay or damage
while being loaded or unloaded, or damaged in transit by
carelessness or negligence, then no notice of claim nor
filing of claim shall be required as a condition precedent
to recovery."

The language just quoted is clear and its meaning not
doubtful. We there find, worked out for us by the law-
maker, the standard by which we must determine the
value of the defense we have been considering. The very
first result that must follow from the application of
the new law to the case at bar is that we cannot here be
controlled by the decisions rendered in cases that arose
while the Carmack amendment was in full force and be-
fore the Cummins amendment had been enacted. Fol-
lowing the plain language and meaning of the later stat-
ute, we are obliged to hold that the first and chief posi-
tion relied on by the appellant is untenable under the
facts established by the evidence.

The remaining assignments of error complained chiefly of the admission by the trial judge of certain opinion evidence as to the value of the lost animal. It appears to have been regarded by the owners and their witnesses as belonging to a family or strain of blood prized and sought after by breeders in the propagation of that particular species of dog. Under such circumstances it was not possible to produce evidence so clear and definite as to market value as might easily be produced in most cases. Whilst the law constantly upholds the principle that the best evidence must be produced which is available under the circumstances of the particular case, it does not undertake to define just what that evidence shall be in any given case. The plaintiffs, being entitled to recover the value of their lost property, we have not been able to perceive how better evidence could be adduced by them than what was obtained from the witnesses offered. As we have stated, the case was tried before a judge without a jury. An examination of the testimony admitted shows that the learned judge was conservative in his conclusion and kept well within the lines of the evidence. We discover no reversible error in any of these assignments.

Upon a review of the whole case we are of opinion it was properly tried and that the judgment entered should not be disturbed.

Judgment affirmed.