# Wood *v.* Merchants & Miners Transportation Co., Appellant.

*Carriers—Loss of shipment—Evidence of nondelivery—Case for jury.*

In an action to recover the value of a case of merchandise, alleged to have been lost in transportation, the case is for the jury and a verdict for the plaintiff will be sustained, where the evidence, although contradicted, tends to prove that the consignment had never been received, and where the issue is entirely one of fact as to whether or not the goods had actually been delivered.

Argued October 13, 1919.  Appeal, No. 126, October T., 1919, by defendant, from judgment of C. P. No. 3,

Philadelphia Co., September T., 1916, No. 3345, on verdict for plaintiff in the case of William Wood, trading as William Wood & Co. and as Pequea Mills, v. Merchants & Miners Transportation Company, a Corporation. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Affirmed.

Assumpsit for breach of contract for failure to deliver a case of merchandise. Before FERGUSON, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,079.88, and judgment thereon. Defendant appealed.

*Error assigned* was the refusal of the defendant's motion for judgment non obstante veredicto.

*Howard H. Yocum,* for appellant.

*W. B. Linn,* and with him *H. B. Gill,* for appellee.

OPINION BY HEAD, J., December 1, 1919:

The plaintiff sues to recover the value of a case of merchandise delivered by it to the defendant carrier for shipment to Barron-Anderson Company at Boston, Massachusetts. The statement of claim avers the delivery of the case of goods to the carrier and the prepayment of the freight thereon on November 5, 1915. Also, that in the ordinary course of transportation the package should have been delivered to the consignee in Boston on or before November 8, 1915, but that the defendant failed and neglected to deliver the same as it was obliged to do, under the terms of its contract and of the bill of lading, a copy of which is attached to the statement.

The defendant admits the receipt of the merchandise, the prepayment of the freight, and that in the ordinary course of transportation the package should have arrived in Boston on or about November 8th, but denies the

averment concerning the nondelivery of the goods, and affirms the actual delivery of the same, on or about November 8th, to the authorized agent of the consignee at Boston.  At the trial, a formal stipulation appears in the record admitting the receipt of the package by the defendant on the date named, consigned as aforesaid, the issuing of a bill of lading therefor, the fact that in ordinary course the said package should have been delivered in Boston on or about November 8th, the value of the goods, and the amount of the freight prepaid.  Manifestly, the question of fact actually controverted by the defendant was the alleged fact of nondelivery and, upon this single issue, the case was tried with the apparent consent of everybody.  In support of the averment of nondelivery, the plaintiff offered the testimony, by deposition, of one Ronan, a teamster for Whipple & Company of Boston, the duly authorized agents of the consignee, to receive for it merchandise and freight from carriers transporting the same to Boston.  He testified there had been placed in his hands by his employer a written notice from the carrier of the receipt of said package and its readiness for delivery; further, that he went to the defendant's wharf to get the goods and then describes his vain effort to locate the same, as well as his conversation with the delivery clerk of the defendant company.  The plaintiff further offered the deposition of Driscoll, the foreman of Whipple & Company, who corroborated the former witness as to the effort made to find the property and the failure to locate it.  There next appears the testimony of Cavanaugh, the shipping and receiving clerk for the consignee, who testified that his attention had been called to the fact that the package in controversy was missing, that he had made careful search through the books of his employer in which a record of all packages received by them was duly and regularly kept and that these books disclosed the fact that no such package had been received by Whipple & Company, the agents of the consignee.  As against this evidence,

there was the deposition of Sofrine the delivery clerk of the defendant, who testified, in substance, that the package in question had been delivered to one Ryan, teamster of Whipple & Company, who had signed a written receipt therefor dated November 8th, which receipt was produced in evidence  The plaintiff replied, by the deposition of Ryan himself, affirming that he never received the package in question, that he did not sign the receipt on November 8th according to its tenor and import, but did, in fact, sign it two days later at the instance of defendant's delivery clerk on the strength of the affirmation by the latter that he had delivered the goods to another teamster and neglected to take a receipt therefor.

Upon this state of the evidence the learned trial judge, in a perfectly clear and impartial charge, submitted to the jury for their determination the question whether or not the package had been delivered by the defendant to the agent of the consignee at Boston. The jury accepted, as true, the evidence of the plaintiff and found a verdict in his favor.

No exception was taken by either party to any ruling of the trial judge or to the charge. Each party submitted a point praying for a binding direction and each one excepted to the action of the learned trial judge who refused both points. These are the sole exceptions disclosed by the record.

In his printed argument, the learned counsel for appellant candidly states the situation that confronts him in this appeal in this language: "It must be conceded for the purposes of this argument that Ryan did not receive the goods. It must also be conceded that for several weeks Whipple & Company's foreman hunted the goods but neither fact proves that the consignee did not receive them." If, by the expression "does not prove that the consignee did not receive them," the learned counsel means to argue that the evidence did not demonstrate that fact and did not exclude every other possibility, we may concede the correctness of his statement. If, how-

ever, the language used is intended to affirm the proposition there was no evidence to support a finding by the jury that the package had not been delivered, we are unable to assent to such a view of the import and weight of the testimony. It is to be kept in mind that the averment which the plaintiff was obliged to support, to wit, that of nondelivery, was in its nature a negative averment. Naturally, almost necessarily, the proof to support it would be negative in its character. Unless then the plaintiff was obliged to conclusively establish the nonreceipt of the goods by the consignee, it appears to us he offered the only kind of evidence which the nature of the issue to be tried demanded. Our examination of the record leads to the conclusion the case was properly tried in the court below and, consequently that the single assignment of error complaining of the refusal of the trial judge to direct a verdict for the defendant, must be overruled.

Judgment affirmed.