# Berman *v.* Adams Express Co., Appellant.

*Practice, C. P.—New trials—After-discovered evidence—Discretion of court.*

In an action to recover for the loss of certain articles consigned to a common carrier, the case is for the jury and a verdict for plaintiff will be sustained, where the question is purely one of fact as to whether or not the goods had been delivered in accordance with the contract of shipment; and the controlling question was fairly and fully submitted under a charge that was free from error.

A petition for a new trial on the ground of after-discovered evidence is purely a question for the court and it is for it to decide as to its sufficiency. In the absence of any evidence of abuse of discretion the action of the lower court will be affirmed.

Argued October 29, 1919. Appeal, No. 144, Oct. T., 1919, by defendant, from judgment of C. P. Blair County, June Term, 1917, No. 232, on verdict for plaintiff in case of Jacob Berman v. Adams Express Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Affirmed.

Assumpsit on contract of shipment.   Before BAILEY, P. J., of the Twentieth Judicial District, specially presiding.

From the record it appeared that the plaintiff sold goods in Altoona to Levinson & Freeman, of Rossiter, Indiana County, amounting to $170.75 on credit, and delivered them to the Adams Express Company, the defendant, consigned to Levinson & Freeman, at Rossiter, Pa.   The consignment was not delivered to Levinson & Freeman by the express company, whereupon the shipper brought suit to recover their value.

At the trial of the case the defendant was unable to produce the receipt for the goods, alleged to have been made at Rossiter upon the delivery to the consignee, but did offer other evidence to prove delivery.   The jury rendered a verdict in favor of the plaintiff in the sum of $170.75.   Subsequently a motion for a new trial was made on the ground that the receipt in question had been procured.   The court refused the motion in the following opinion:

The defendant has offered no legal ground for a new trial.   It had in its possession, for a long period of time, the evidence upon which it now relies to move the court to give it another chance before a jury.   It was its duty to have this evidence at the trial.   Its failure to do so cannot be used to move the court to sustain this motion.

If the verdict was unjust it was the fault of the defendant.   It is presumed to have known that the receipt was the very corner stone of the defense.   This receipt was, at all times, within its absolute control.

6.   (As to the last and newest reason it is a sufficient answer to say that the contract of the shipment was with the consignor, the plaintiff, and if the defendant failed to comply with the contract it has no standing to say that the action should be brought by the consignee.   It has nothing to do with the title as between the consignor and the consignee.   Further, it is in evidence in this case, by the testimony of Joseph Levinson, that the property,

for the loss of which recovery was sought in this action, was shipped at the risk of the consignor.)

7. (Now, this 15th day of March, A. D. 1919, the defendant's motion and reasons for a new trial are hereby overruled and a new trial is refused and judgment is now directed to be entered upon the verdict upon the payment of the jury fee.)

Verdict for plaintiff for $170.75 and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence and refusal to grant a new trial.

*J. D. Hicks* and *Thomas H. Greevy*, for appellant.— The action should have been brought by the consignee: Frank Bros. v. Central R. Co., 9 Pa. Superior Ct. 129; Blakeslee Mfg. Co. v. Hilton, 5 Pa. Superior Ct. 184; Garbracht v. Com., 96 Pa. 449; Bacharach v. Chester Freight Line, 133 Pa. 414; Schmertz & Blakely v. Dwyer, 53 Pa. 335; United Fruit Co. v. Bisese, 25 Pa. Superior Ct. 170; Pittsburgh P. & P. Co. v. Cudahy P. Co., 260 Pa. 135.

*Isaiah Scheeline*, for appellee.

PER CURIAM, February 28, 1920:

The adjustment of a simple question of fact determined the plaintiff's right to recover in this case. There was no dispute as to the delivery of the goods to the defendant company. The jury decided that the consignee never received them, and the controlling question was fairly and fully submitted under a charge that is free from error. The sufficiency of the explanation given by the defendant for failing to adduce evidence in its possession at the time of the trial, was purely a question for the court below in determining whether a new trial should be granted. For the reasons given by the trial judge in refusing a new trial, the judgment is affirmed.