# CHARLESTON.

L. BLUSTEIN & COMPANY *v.* AMERICAN RAILWAY EXPRESS CO.

Submitted November 13, 1923.    Decided February 12, 1924.

1. CARRIERS—*Consignor May Maintain Action For Loss of Goods Shipped or Damages Due to Delay in Transportation Irrespective of Question of Ownership.*

   Where the consignor makes a contract of shipment with the carrier, he may maintain an action thereon for loss of the goods shipped, or for damages due to delay in transportation, irrespective of the question of ownership. (p. 644).

2. SAME—*Delay in Transportation—Measure of Damages Defined.*

   The measure of damages for unreasonable delay in transportation is the difference between the market value of the goods at the time and place where they ought to have been

delivered and such value at that place on the day when they
were delivered, but where, as in this case, there is no market
for the goods when delivered, and the consignor uses due
diligence to dispose of them, and later does dispose of them at
the best price obtainable, such delay will not affect his right
to maintain an action for damages due to delay in trans-
portation.  (p. 647).

3.  APPEAL AND ERROR—*Not Error for Trial Court to Enter Re-
    mittitur in an Amount Greater Than Data on Which it is
    Based Would Justify.*

    It is not error for the trial court to enter a voluntary re-
    mittitur in an amount greater than the data on which it is
    based would justify, especially where it would not be error to
    enter judgment for the full amount of the verdict of the jury.
    (p. 648).

Error to Circuit Court, Kanawha County.

Action by L. Blustein against American Railway Express
Company. Judgement for plaintiff, and defendant appeals.

*Affirmed.*

*Jo. N. Kenna* and *Sam Silverstein,* for plaintiff in error.

*A. M. Hartung, Davis & Painter* and *Joe L. Silverstein,*
for defendant in error.

MILLER, JUDGE:

This is an action in assumpsit for damages alleged to have
accrued to plaintiff by reason of defendant's failure to carry
and transport within a reasonable length of time, from
Charleston, West Virginia, to New York City, one barrel
of ginseng, of the value of $1,265.00. From a judgment
for $521.06 in favor of plaintiff, defendant prosecutes this
appeal.

The first point of error assigned is that the trial court
should have sustained defendant's demurrer to the declara-
tion, on the theory that the legal presumption is that upon
delivery of goods to a carrier the title thereto passes to the
consignee, and that he alone can recover damages for in-
jury to the shipment.

The first count of the declaration alleges that plaintiff,
"who was the owner of certain goods and chattles," delivered
said barrel of ginseng to defendant, a common carrier, to

be delivered by it, within a reasonable time, to H. A. Schoenen & Son, in New York City; that defendant undertook and promised plaintiff to use proper care and diligence in conveying said goods to the consignee, but that by reason of carelessness, negligence and improper conduct on the part of defendant, its agents and servants, said barrel was broken open and a part of its contents, of the value of $55.00, lost therefrom; and that the residue of said goods was not delivered to the consignee until long after the expiration of a reasonable time, by reason whereof the goods became of little value, and that plaintiff lost the means and opportunity of selling the same; whereby he was deprived of divers and great gains and profits, and was otherwise injured and damnified.

The second count alleges a contract in writing between plaintiff and defendant, by which the defendant undertook, promised and agreed to carry and transport the goods in question, and deliver them to the consignee named therein, within a reasonable length of time. This count also alleges delay, and injury resulting therefrom, as does the first count; and it is also alleged that the goods consigned were the property of the plaintiff.

Besides the fact that each count alleges ownership in plaintiff, this action is based on a breach of the contract of carriage. While there is some authority to the contrary, the decided weight of opinion is that where goods are shipped under a contract by which the carrier agrees to deliver them to the consignee at a certain place, the consignor may maintain suit for loss of the goods or delay in transportation, in such cases it being considered that the privity of contract between the consignor and the carrier is a sufficient foundation on which to base the action. 1 Michie on Carriers, §810; 4 R. C. L., pp. 942-944, §§399-400; 10 C. J. 348; 22 L. R. A., note p. 428. It is true, as a general rule, that where goods are placed in the hands of a carrier, without qualification, to be delivered to a third party, the shipper parts with the goods and all control over them, and title passes to the consignee; but where the consignor has some special interest in the goods, or has a contract with the carrier, the rule is different. This proposition is sustained by

the authorities cited above. In this case the declaration does aver that plaintiff was the owner of the goods in question; and the action was brought on the contract of carriage, not in tort. We believe the declaration sufficient, and that the ruling of the trial court should be sustained.

Defendant contends that although title might have been in plaintiff at the time, he can not recover without showing that he used due diligence to make prompt sale of the goods after their arrival in New York.

The evidence shows that plaintiff shipped the ginseng to the consignee pursuant to negotiations carried on between them by telegrams. Upon receipt of plaintiff's telegram asking for the best price on the barrel of ginseng, the consignee offered him $13.75 per pound ''for prompt shipment.'' The barrel was delivered to defendant on October 30th, the same day plaintiff received the consignee's offer to buy. Not receiving advice of delivery to the consignee, plaintiff made inquiry of him, and received a letter from him, dated November 6th, to the effect that the shipment had not arrived; that the market was in a very unsettled condition, owing to a severe decline in Chinese exchange; that the quotation of $13.75 was for ''prompt shipment;'' and that he could not hold the offer open, and was not in the market at the present time. After unsuccessful efforts on the part of plaintiff and defendant to locate the goods en route, defendant informed plaintiff by telephone, on November 10th, that the barrel was still in Charleston, at the C. & O. Railway depot, and asked him to come over the next morning, and that the head of the barrel ''was busted up and we will see what can be done to fix it up.'' The next morning plaintiff went to the railway station, but found that the barrel had been forwarded to New York at 3:00 o'clock A. M. that morning. Plaintiff swears positively that he made several attempts to sell the goods in question; that each of the merchants to whom the same was offered declined to buy because there was no market for ginseng at that time; that all the ginseng produced in this country is shipped to China, and that there are but few exporters; that he received two or three offers at very low prices; and that he finally sold the barrel to the original consignee on January 30th, at a price of $8.75 per

pound, which was the highest price he could get. We think the evidence would justify the jury in finding that plaintiff used due diligence in making sale, considering all the facts and circumstances.

The next question presented is the refusal of the court to submit to the jury defendant's instructions numbers two and three.

Instruction number two would have told the jury that if they believed from the evidence that plaintiff had sold the ginseng to H. A. Schoenen & Son, and had not thereafter obtained title to the same, or taken from the consignee an assignment of his claim for damages, then plaintiff was not entitled to recover. What we have just said with respect to the demurrer to the declaration sufficiently disposes of this assignment of error.

Instruction number three would have told the jury that if they believed from the evidence that plaintiff had sold the goods in question to the consignee at the time of delivery thereof to defendant, and that the same were delivered to and accepted by the consignee, the defendant company would not be liable for damages caused by delay in shipment, or for the loss of a portion thereof.

On November 13th, H. A. Schoenen & Son wrote plaintiff as follows: "Your barrel of ginseng finally came in yesterday; however, we have not opened the same as yet, for the reason that we are not buying at the present moment. * * * We will hold this barrel here subject to your orders, and, if you so request, we will return the same to you upon receipt of your instructions to do so." There is no evidence of acceptance. The consignee received the goods from defendant, but held them for the plaintiff, subject to his orders. And, since we have held that plaintiff was entitled to maintain a suit on his contract with the carrier, acceptance by the consignee becomes immaterial.

As to the loss of a portion of the ginseng, the evidence shows that when the barrel was delivered to defendant it contained 92 pounds of ginseng. Plaintiff so testifies; and there is no evidence to the contrary. It seems that plaintiff finally disposed of the goods on the basis of 88 pounds at $8.75 a pound, for $770.00. The measure of damages for

unreasonable delay in transportation is the difference between the market value of the goods at the time and place where they ought to have been delivered and such value at that place on the day when they were delivered, whether such damages result from a decline in the market, from intrinsic deterioration, shrinkage, or a combination of these causes. 3 Sutherland on Damages, §§906-907; 1 Michie on Carriers, §942; 10 C. J. 309; 4 R. C. L. 931; *Ryland & Rankin v. Railway Co.*, 55 W. Va. 181. All the evidence is to the effect that there was no market for ginseng at the time the shipment in question reached its destination, and that plaintiff could have obtained no better price than that at which he sold, at any time between November 11th and January 30th. But plaintiff did not bring suit immediately upon the accrual of his cause of action. He made an effort to dispose of the goods, and finally did dispose of them at the best price obtainable, so far as the evidence shows, thus saving to defendant the amount realized. The verdict of the jury was for the difference between the price at which plaintiff had contracted to sell to H. A. Schoenen & Son and the amount which he received for them, with interest.

After the verdict of $561.38 was rendered by the jury, plaintiff tendered a remittitur of $40.32, "being $9.00 per pound for four pounds of ginseng with interest from October 30, 1920, alleged in the declaration of the plaintiff herein to have been lost from the shipment," and in which it is further admitted that there was no proof to sustain such loss. The error assigned as to this remittitur is that there was no data in the evidence from which the court could substitute his finding for that of the jury. Plaintiff swears positively that he delivered to the defendant 92 pounds of ginseng. If he had sold the shipment at that weight instead of 88 pounds, he would have received $35.00 more than he actually realized on the goods, which with interest for two years would amount to a little less than the amount of the remittitur. Since the amount of this voluntary remittitur is more than defendant would have been entitled, if entitled to any amount, it can not complain. Besides, if the court had entered judgment on the verdict of the jury, without the remittitur, we could not

say that defendant would have been prejudiced thereby the verdict being for the actual loss of plaintiff, plus interest.

The judgment will be affirmed.

*Affirmed.*