Rothstein et al. *v.* Railway Express Agency, Inc., Appellant.

Argued October 19, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Alexander R. Staples,* for appellant.

*James F. Masterson,* and with him *James P. McGranery,* for appellees.

Opinion by Parker, J., February 1, 1934:

The plaintiff brought this action in assumpsit against the defendant, Railway Express Agency, Inc., to recover the value, declared in writing by the shipper and evidenced by shipping receipts, of five shipments of merchandise delivered to the defendant at Philadelphia and consigned to points in New Jersey. The second paragraph of the statement of claim alleged that when the goods were delivered to the carrier, there were issued to the shipper written receipts,

copies of which were attached. The receipts for the shipments were signed by agents of the shipper and carrier and were in the same general form, varying only as to goods, date, consignee, and value. Portions of one of the receipts bearing on the question in controversy were as follows: "Received from BANNER SPECIALTY CO. ...... Subject to the Classifications and Tariffs in Effect [certain merchandise] Value herein declared by Shipper to be 100.00 Dollars Which the Company agrees to carry upon the terms and conditions printed on the back hereof, to which the shipper agrees, and as evidence thereof, accepts and signs this receipt."

The case being called for trial before a judge of the municipal court without a jury, the plaintiff offered in evidence the paragraphs of the statement of claim not denied. No further proofs were offered as to the amount of the loss or damage, and the trial court entered judgment for the amount of the declared value with interest. The defendant thereupon appealed, alleging as error the refusal to grant its motions for a new trial and for judgment n. o. v. The defendant contends that the valuation as declared in the uniform express receipt required by the Federal Transportation Act is not sufficient evidence of value to support a verdict.

The shipments having been between points in Pennsylvania and New Jersey, "they were therefore interstate in character and are governed by the federal laws regulating interstate commerce": Tentzer v. Reading Co., 101 Pa. Superior Ct. 238, 245; Adams Express Co. v. Croninger, 226 U. S. 491. "As ...... the shipments were in interstate commerce, the contracts are subject to the federal law which states that 'the measure of damages for loss of goods by a carrier when liable therefor is their value at the destination to which it undertook to carry them'": Jakway v. Lehigh Valley R. R. Co., 98 Pa. Superior Ct. 300, 304.

The Act of Congress, February 24, 1887, c. 104, Sec. 20, 24 Stat. 386, as finally amended April 23, 1930, c. 208, 46 Stat. 251 (U. S. Code, Title 49, Sec. 20, Par. 11), regulating a carrier's liability and dealing with declared value by a shipper, provides in part as follows: "Any common carrier, railroad or transportation company subject to the provisions of this chapter receiving property for transportation from a point in one State or Territory or the District of Columbia to a point in another State, Territory, District of Columbia, or from any point in the United States to a point in an adjacent foreign country shall issue a receipt or bill of lading therefor, and shall be liable to the lawful holder thereof for any loss, damage, or injury to such property, caused by it ...... for the full actual loss, damage or injury to such property caused by it ...... Provided however, that the provisions hereof respecting liability for full actual loss, damage, or injury, notwithstanding any limitation of liability or recovery or representation or agreement or release as to value ...... shall not apply ...... to property ...... received for transportation concerning which the carrier shall have been or shall be expressly authorized or required by order of the Interstate Commerce Commission to establish and maintain rates dependent upon the value declared in writing by the shipper or agreed upon in writing as the released value of the property, in which case such declaration or agreement shall have no other effect than to limit liability and recovery to an amount not exceeding the value so declared or released ...... "

While a carrier such as defendant may limit its liability to an amount declared in writing by the shipper or agreed upon in writing, the plain language of the statute provides that such declared value "shall have no other effect than to limit liability and recovery to an amount not exceeding the value so declared or released." Such being the case, the carrier was not

bound by the value declared by the shipper and to recover it was incumbent on the shipper to prove the true value, the same not having been admitted by the pleadings. We further call attention to the fact that on the face of the receipt and by the second paragraph of "Terms and Conditions" printed on the back of the receipt and made a part thereof, the purpose of requiring a declared value is to fix the charges and limit the liability of the carrier. These terms and conditions also furnished prima facie evidence of the fact that the shipper was afforded a choice: Cincinnati, etc., R. Co. v. Rankin, 241 U. S. 319.

This is not only a literal construction of the federal statute, but it is consonant with reason and justice. The carrier does not have, and it would not be practicable for it to have, the facilities for determining the value of different articles of merchandise offered for shipment, while the owner almost invariably has knowledge of the value of his goods offered for shipment. The fixing of the value enables the carrier to furnish a degree of care proportionate to the value of the shipment and thus protect itself. To adopt the construction contended for by the appellee, the railway company would for all practical purposes become an insurer not on the basis of true value, but upon such basis of value as the shipper might adopt.

In Allen v. Adams Express Co., 77 Pa. Superior Ct. 174, the facts showed the same situation as we have here, a declared value and a failure to prove the true value, but no force was given to the value set up in the receipt. The lower court and appellee have referred to the case of Weil v. Express Co., 7 Phila. 88. There the receipt was for three hundred dollars in currency. Not only would that present a very different situation, but the matter was disposed of without consideration of the federal statutes.

Judgment of the lower court is reversed with a venire facias de novo.